COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
C.A. NO.: 22-CI-00812

**JOHNNY WILSON and**
**BERNICE WILSON**                                              **PLAINTIFFS**

v.

**3M COMPANY, et al.**                                           **DEFENDANTS**

### DEFENDANT MINE SERVICE COMPANY
### ANSWERS TO PLAINTIFFS' INTERROGATORIES

The Defendant, Mine Service Company ("MSC"), by counsel, and hereby responds to the Plaintiffs' Interrogatories as follows:

### GENERAL OBJECTIONS

MSC objects to these Interrogatories on the grounds that they are overly broad, unduly burdensome and not limited in scope and time. Without waiving these objections, MSC states that its Answers to these Interrogatories are to the best of its knowledge and belief. Additionally, any and all dust masks and dust respirators sold by MSC would have been in the original packaging and condition as MSC received them. Any documents, information and/or warnings accompanying these dust masks or dust respirators would have been provided to the customer.

**INTERROGATORY NO. 1:** Please identify the following information for the respiratory protection products manufactured by the 3M Company that you sold or distributed from 1979 until 2012:

    a.    The years during the time period 1979-2012 that you sold such equipment for 3M Company;

    b.    The specific brand names or other discerning information illustrating the exact 3M respiratory product or products sold;

1

# EXHIBIT 2

    c.    Whether you published any brochures or sales literature for this equipment for any of the years it was sold; and

    d.    The identity of any and all person(s) responsible for drafting, writing and/or distributing sales brochures for the 3M respiratory equipment sold during this time period.

**ANSWER:**

    a. MSC can only say from time to time it sold respiratory protective equipment manufactured by 3M during that time frame.
    b. This is unknown.
    c. No.
    d. None.

**INTERROGATORY NO. 2:** Please identify each and every 3M Company representative responsible for the marketing and sale of the previously described respiratory protection equipment identified in interrogatory number one who communicated with your company about the sale of their products or provided training to your employees with regard to the sale of their products for the time period 1979 – 2012.

**ANSWER:** To the best of MSC's knowledge, no one at MSC had direct communication with anyone at 3M.

**INTERROGATORY NO. 3:** Please identify by name the individual employees at Mine Service Company who communicated directly with representatives of the respiratory equipment manufacturer, 3M Company, during the years 1979 – 2012.

**ANSWER:** To the best of MSC's knowledge, no one at MSC had direct communication with anyone at 3M.

**INTERROGATORY NO. 4:** Has Mine Service Company ever received any marketing, advertising or sales documents or materials related to the respiratory equipment identified in Interrogatory No. 1, including but not limited to, catalogs, brochures, and product data sheets? If so, please provide a description of all such materials and the source of the materials.

**ANSWER:** No. Additionally, MSC did not make any recommendations or representations to any coal mining companies or individuals in terms of the capabilities, qualities and/or limitations of any respiratory equipment sold by MSC. Also, MSC states that to the extent it sold respiratory equipment manufactured by 3M, they would have been sold in their original condition and all

documents, information and/or warnings provided with the respiratory protective equipment from the manufacturer would have been passed on to the customer.

**INTERROGATORY NO. 5:** Please describe all advertising, pamphlets, brochures, product bulletins or other materials used by Mine Service Company in connection with the promotion, advertisement, sale or distribution of the respirators identified in Interrogatory No. 1.

**ANSWER:** None. Additionally, MSC did not make any recommendations or representations to any coal mining companies or individuals in terms of the capabilities, qualities and/or limitations of any respiratory equipment sold by MSC. Also, MSC states that to the extent it sold respiratory equipment manufactured by 3M, they would have been sold in their original condition and all documents, information and/or warnings provided with the respiratory protective equipment from the manufacturer would have been passed on to the customer.

**INTERROGATORY NO. 6:** Did any employee, representative or agent of Mine Service Company receive any training or instruction on the selection, fitting, and/or use of the 3M Company's respiratory protection equipment identified in Interrogatory No. 1? If so, please list each individual who received such training, list the dates when the training occurred, list the source of the training, and describe the training.

**ANSWER:** No. Additionally, MSC did not make any recommendations or representations to any coal mining companies or individuals in terms of the capabilities, qualities and/or limitations of any respiratory equipment sold by MSC. Also, MSC relied upon the coal mine operators to provide such training and instruction as well as the documents, information and/or warnings provided with the respiratory protective equipment from the manufacturer would have been passed on to the customer.

**INTERROGATORY NO. 7:** Please identify each and every study or test in your possession performed by any third party (including but not limited to organizations such as the Los Alamos Scientific Laboratory or NIOSH) on any of the respiratory protection equipment identified in interrogatory number one that you ever sold or distributed in Kentucky. (This may include, but is not limited to, studies which relate to the face-piece to face seal of these respirators or field

performance testing of the respirators). Include in your answer the date and author of such study or test.

**ANSWER:** None. Additionally, MSC did not make any recommendations or representations to any coal mining companies or individuals in terms of the capabilities, qualities and/or limitations of any respiratory equipment sold by MSC. Also, MSC relied upon the coal mine operators to provide such training and instruction as well as the documents, information and/or warnings provided with the respiratory protective equipment from the manufacturer would have been passed on to the customer.

**INTERROGATORY NO. 8**: Identify all trade organizations, professional associations or other similar entities, which you have belonged or in which you have participated since 1979 and the years of your participation.

**ANSWER:** MSC objects to these Interrogatories on the grounds that they are overly broad, unduly burdensome and not limited in scope and time. Without waiving these objections, MSC states that this is being investigated and this Interrogatory may be supplemented.

**INTERROGATORY NO. 9**: Please identify whether your company sold respiratory protective equipment as identified in Interrogatory No. 1 to the following companies and include in your answer the years you sold or distributed the respiratory equipment to such entities:

(a) Excel Mining, LLC;

(b) Garrett Mining, Inc.;

(c) AA&W Coals, Inc.;

(d) Big Buck Mining Co. of Kentucky, Inc. and/or Big Buck Enterprises, Inc. and/or Big Buck Coal Co., Inc.;

(e) D & E Coal Company, Inc.;

(f) South Akers Mining Co.;

(g) Ranchero Coal Co.; and

(h) Swinge Branch Coal Co.

**ANSWER:** MSC objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and not limited in scope or time. Without waiving these objections, MSC states that to the best of its recollection it sold mine supplies to Excel Mining, LLC and South Akers Mining Co. MSC has no documents in its possession which would demonstrate whether or not these mine supplies included respiratory equipment. However, MSC states that to the extent it sold respiratory equipment manufactured by 3M, they would have been sold in their original condition and all documents, information and/or warnings provided with the respiratory protective equipment from the manufacturer would have been passed on to the customer.

**INTERROGATORY NO. 10:** Please identify all entities in Pike County, Kentucky that you sold or distributed respiratory protective equipment identified in Interrogatory No. 1 to for the years 1979 – 2012.

**ANSWER:** MSC objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and not limited in scope or time. Without waiving these objections, MSC states that to the best of its recollection it sold mine supplies to Excel Mining, LLC, Elkhorn Eagle Mining Company, Inc. and South Akers Mining Co. which it understands are at issue in this case.

**INTERROGATORY NO. 11:** Did any employee, representative or agent of Mine Service Company ever provide any training or instruction to employees of any of the companies listed in Interrogatory No. 6 regarding the selection, fitting, use of dust respirators? If so, please identify each individual who provided such instruction or training, when such instruction or training occurred, and describe the instruction or training.

**ANSWER:** No, MSC relied upon the coal mine operators to provide such training and instruction as well as the documents, information and/or warnings provided with the respiratory protective equipment from the manufacturer which would have been passed on to the customer. Additionally, MSC did not make any recommendations or representations to any coal mining

companies or individuals in terms of the capabilities, qualities and/or limitations of any respiratory equipment sold by MSC.

**INTERROGATORY NO. 12:** Has this answering defendant been sued under its correct name? If not, please state the correct legal name of the defendant and provide the information requested in Interrogatory No. 3 concerning the Defendant as correctly named.

**ANSWER:**   Yes

**INTERROGATORY NO. 13:** Set forth the full and correct name, as well as all prior names or predecessor entities by which the defendant has existed, the principal place of business and the state and date of incorporation of the answering defendant.

**ANSWER:**   Mine Service Company, Inc.
None.
MSC's principal office address is Highway 15 South, P.O. Box 858, Hazard, KY 41702
MSC is incorporated in Kentucky and has been since 1984 but it has been in business for over 100 years.

**INTERROGATORY NO. 14:** If you have alleged in your answer that the plaintiff's injuries and/or damages were caused by some other injury, disease or condition, either before or after the injuries in question in this case, describe in detail such pre-existing or subsequent disease, injury or condition.

**ANSWER:**   MSC incorporates, by reference, the expert disclosures and opinions of expert witnesses retained by 3M.

**INTERROGATORY NO. 15**: Identify all persons with knowledge of relevant facts which include individuals knowledgeable about the products listed in interrogatory number one and/or persons knowledgeable, for any reason, of relevant facts in this case. Include in your answer the name and last known address of the individual, and the last known phone number of the individual.

**ANSWER:**   MSC objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and not limited in scope or time. Without waiving these objections, MSC states:

Wallace Cornett
President – Mine Service Company
Highway 15 South
P.O. Box 858
Hazard, KY 41702

6

**INTERROGATORY NO. 16**: If you have alleged in your answer that any third party is responsible for Plaintiffs' injuries or damages, please identify the name, address and phone number of this entity or person. Please state any fact or describe any evidence you believe supports your position that any third party listed in response to this question is responsible for Plaintiffs' injuries and damages.

**ANSWER**:    MSC incorporates, by reference, the expert disclosures and opinions of expert witnesses retained by 3M.

**INTERROGATORY NO. 17:** Please identify any qualitative or quantitative fit testing results in your possession from testing performed either by you or another entity along with the dates and locations of any such testing on the following respirators:

(a) 3M 8710

(b) 3M 8210

**ANSWER:**   None. MSC relied upon the manufacturers to perform any test(s), studies, calculations, inspections and examinations with respect to products MSC sold and/or distributed which were manufactured by said manufacturers. Additionally, MSC also relied on coal mine operators to perform any such tests on its employees.

                                        Respectfully submitted,

                                        */s/ Patrick W. Gault*
                                        Patrick W. Gault (pgault@napiergaultlaw.com)
                                        NAPIER GAULT SCHUPBACH
                                        & STEVENS, PLC
                                        730 West Main Street
                                        Suite 400
                                        Louisville, Kentucky 40202
                                        (502) 855-3802 Telephone
                                        (502) 855-3838 Facsimile
                                        *Counsel for Mine Service Company, Inc.*

## CERTIFICATE OF SERVICE

    IT IS HEREBY CERTIFIED that a copy of the foregoing was served via FIRST CLASS U.S. Mail, filed electronically or by email on this 24th day of February, 2023, to the following:

Michael B. Martin
699 S. Friendswood Drive, Suite 107
Houston, TX 77445-4580
(713) 773-2035
(832) 559-0878 – fax
*Counsel for Plaintiffs*

Johnny Givens
GIVENS LAW FIRM, PLLC
240 Trace Colony Park Drive, Suite 100
Ridgeland, MS 39157
(601) 300-2009
(800) 291-0847 – fax
johnny@givens-law.com
*Counsel for Plaintiffs*

Bryant J. Spann
Thomas, Combs & Spann, PLLC
300 Summers Street, Suite 1380
Charleston, WV 25301
(304) 414-1800
(304) 414-1801 – fax
*Counsel for 3M Company*

Byron N. Miller
Michael J. Bender
Thompson Miller & Simpson, PLC
734 West Main Street, Suite 400
Louisville, KY 40202
(502) 585-9900
(502) 585-9993 – fax
*Counsel for 3M Company*

*/s/ Patrick W. Gault*
*Counsel for Mine Service Company, Inc.*

## VERIFICATION

I, Wally Cornett, duly authorized representative of Mine Service Company, Inc., depose and say that the facts set forth in the foregoing Answers to Plaintiffs' Interrogatories are true and correct to the best of my knowledge, information and belief.

_____
By: Wally Cornett
Title: President